# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR EDUARDO HERNANDEZ HERRERA,<br>Petitioner,<br>v.<br>J. JOHNSON, et al.,<br>Respondents. | Case No. 5:26-cv-02982-MRA-SP<br><br>**ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE; ORDERING IMMEDIATE RELEASE**<br><br>**A # 245-532-134** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Respondents have not filed any written Objections to the Report within the time permitted. The Court accepts in part the findings and recommendation of the Magistrate Judge.

In particular, the Report finds that respondents' re-detention of petitioner without adequate process violated his right to procedural due process, but because a form I-213 shows petitioner has an outstanding Guatemalan arrest warrant, the Report recommends that the remedy be a bond hearing rather than immediate release. The Court concurs in the finding of a due process violation but not the recommended remedy. There are no records or other reliable evidence in the record to corroborate the existence of a

Guatemalan arrest warrant. The Court pointed out this deficiency and ordered respondents to supplement the record by November 6, 2026 with any evidence that corroborates petitioner's reported criminal history. Respondents failed to supplement the record or respond in any fashion to the Court's order that they do so. Because there is no reliable evidence in the record of an outstanding foreign arrest warrant for petitioner, the Court finds the appropriate remedy for respondents' due process violation is the immediate release of petitioner.

IT IS THEREFORE ORDERED that: (1) Judgment be entered granting the Petition; (2) respondents **shall immediately release** petitioner Oscar Eduardo Hernandez Herrera (**A # 245-532-134**) from immigration custody; (3) petitioner's conditions of release shall be the same as those in place prior to petitioner's most recent detention; (4) respondents shall return any confiscated property and documents to petitioner upon his release; (5) respondents are enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that petitioner presents a flight risk or danger to the community; and (6) respondents shall file a status report **no later than three court days** from the date of this Order regarding their compliance with this Order.

Dated: November 20, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE